IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MARYLAND

Tiffany Chabot
PO Box 675
Walkersville, MD 21793
    Plaintiff,

v.

Equifax
1550 Peachtree Street, NW
Atlanta, GA 30309
    Defendant,

CSC-Lawyers Incorporating
7 St. Paul Street, Suite 1660
Baltimore, MD 21202
   Resident Agent for the Defendant

Civil Action No:

ELH 13 CV 1856

## COMPLAINT

Now Comes the Plaintiff Tiffany Chabot, Pro Se seeks civil action against Trans Union LLC for violations of the Fair Credit Reporting Act (FCRA) 15 U.S.C §1681, et seq.

## JURISDICTION and VENUE

1. This action arises out of the Defendants repeated violations of the Fair Credit Reporting Act, 15 U.S.C .§ 1681, et seq. ("FRCA")

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business here and substantial portion of the acts giving rise to this action occurred here.

3. Any claims under state law brought by the Plaintiff are proper under the doctrine of supplemental jurisdiction pursuant to 28 U.S.C. § 1367

4. Declaratory relief is available pursuant to 28 U.S.C. § 2201 and §2202

## PARTIES

5. Plaintiff, Tiffany Chabot, prose is an adult individual who resides in the state of Maryland, and is a "consumer" as defined by 15 U.S.C. §1692(a)(3), and who's mailing address is PO Box 675, Walkersville, Maryland 21701.

6. Defendant Equifax, is an Atlanta GA corporation with a business address of 1550 Peachtree Street, NW, Atlanta, GA 30309 operating as a consumer reporting agency as the term is defined by 15 U.S.C. §1681(a)(f) of the FCRA, regularly engaged in the business of assembling, evaluating, and dispersing information concerned consumers for the purpose of furnishing consumer reports, as defined by 15 U.S.C, §1681(a)(d), to third parties. The Defendant Equifax has a resident agent: CSC Lawyers Incorporating 7 Saint Paul Street, Suite 1600, Baltimore, Maryland 21202

7. The names of the individual collectors or other agencies are unknown but they will be added by amendment when determined through discovery.

## STATEMENT OF FACTS

8. Plaintiff was notified that they were tax liens on her credit report from Bank of America.

9. The Plaintiff Tiffany Chabot was never late on her credit cards and had good credit at the time the supposed tax liens were inserted on her credit report.

10. The Plaintiff filed numerous complaints with the state of Maryland as well as Equifax about that she did not owe the tax liens, and in fact she didn't live in the State of Maryland for the supposed tax years.

11. Ms. Chabot took the State of Maryland to court proving that she did not owe such tax liens.

12. The State of Maryland filed a notice to withdraw and vacate the tax lien which was filed and stamped in the Circuit Court of Montgomery County on July 29, 2008. See (Exhibit A)

13. The Plaintiff filed numerous disputes with Equifax by phone, internet, and by certified mail over numerous years to have the accounts removed.

14. The Plaintiff also made disputes that she had filed validation letters with Midland Credit Management aka Midland Funding LLC, Berks Credit, and Portfolio Recovery all which they failed to respond and ask Equifax to have the accounts removed.

15. Consequently the Plaintiff's creditors chose not to reissue her credit due to the duplicate accounts and tax lien.

16. In addition to failing to comply with the laws, Equifax was also reporting wrong information on the Plaintiff's credit report.

17. The account that is on the Plaintiffs credit report does not match the information on the supposed tax lien and that the Plaintiff owed no such lien. See Exhibits (A, B, C, D, E & F)

18. It took Equifax numerous years to comply with the law and have the tax lien removed. See Exhibits (A, B, C, D, E & F)

19. It took Equifax six years to have the accounts removed in which time the Plaintiff suffered extensively.

20. Equifax finally removed the tax lien sometime in 2012-2013.

21. Plaintiff's credit reports, credit worthiness, and credit scores have been negatively impacted by the inaccurate reporting Equifax.

22. Equifax allowed Midland Funding LLC AKA Midland Credit Management and the State of Maryland, Berks Credit and Portfolio Recovery to" park" it's their accounts on the Plaintiff's credit reports. This industry-specific term refers to keeping a false balance (or false accounts) on the credit report so that the consumer will be forced to pay off the balance in order to obtain refinancing, qualify for a loan, or increase the consumer's credit scores from the artificially lowered scores which are directly resulted from Equifax intentional and malicious conduct.

23. In the context of "parking" an account, Equifax allowed Midland Funding LLC AKA Midland Credit Management, State of Maryland, Berks Credit and Portfolio Recovery had an obligation and a duty under federal and state law to accurately report the balance, date of last activity, and be able to validate the accounts and it is willfully and maliciously refused to do so and Equifax allowed this acts to occur for years by not investigation the Plaintiffs claims and or disputes.

24. In respect to Berks credit. The Plaintiff sent multiple disputes along with information to the Defendant to remove this account from the Plaintiff's credit report. See Exhibit (G).

25. Defendants finally on April 8, 2012 the Berks Credit finally removed the account three years after disputing with the Defendants. See Exhibit (J)

26. The Plaintiff filed disputes with the Defendants since 2009 about the account placed by Portfolio Recovery since 2009 even though the debt had not been validated to the Plaintiff as required by law. (example as in exhibit G)

27. Now the accounts remain on the Plaintiffs as a triplet account. One being the original creditor, two being Midland Credit Management aka Midland Funding, and three being Portfolio Recovery. See Exhibit (H, & I)

28. Even though extensive efforts of the Plaintiff it has taken multiple years the Defendants has yet to comply with the laws of the FCRA.

29. The Plaintiff has also taken more than several attempts to correct the accounts placed by Midland Credit Management aka Midland Funding and the above accounts.

30. The Plaintiff sent validation letters to Midland Credit Management aka Midland Funding, but they failed to respond. (example as in exhibit G)

31. The Plaintiff then sent information into the Defendant whom finally removed them on April 8, 2012. See Exhibit (J)

32. The Defendant the placed the accounts back on the Plaintiffs credit report less than a month later with no written notice. (K)

33. The Defendants not only reinserted the Midland Credit Management aka Midland Funding, but also they duplicated the accounts. See Exhibit (K)

34. Equifax had a duty to the Plaintiff to investigate, reinvestigate, remove and report accurate information on the Plaintiff's credit report and it is willfully and maliciously refused to do so.

35 Plaintiff sent multiple letters to the Equifax. Despite receiving the dispute letter the credit bureau continue to publish the debts on the Plaintiff's credit report for years.

36. Even though exhaustive efforts of the Plaintiff it has taken multiple years to get the Defendants to comply with the FCRA and her creditworthiness has suffered great in which will take years to re-establish.

37. The acts of the Defendants were deliberately, willfully, intentional, recklessly and negligently and repeatedly failed to perform reasonable investigations and reinvestigations of the above disputes as required by the FCRA, have failed to remove inaccurate information, have failed to report on the status of the investigations.

38. As a result of the Defendants conduct, Plaintiff has suffered actual damages in the form of credit opportunities, harm to credit reputation, credit score, Maryland home buying programs, emotional distress, including humiliation and embarrassment.

39. All times pertinent hereto, Defendants were acting by and through their agents, servants and or employees, who were acting within the scope of their agency or employment, and under the supervision and control of the Defendants herein.

40. At all times pertinent hereto, the conduct of the Defendants, as was their agents, servants and or employees, was malicious, intentional, willful, reckless, and in gross negligent disregard for federal and state laws and the rights of the Plaintiff herein.

## COUNT I

### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT 15 U.S.C. § 1681, et seq
### BY THE DEFENDANTS

41. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated.

42. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defend by 15 U.S.C §1681a(c).

43. At all times pertinent hereto, the above mentioned credit report was a "consumer report" as that term is defined by U.S.C 15 U.S.C §1681a(d)

44. At all times pertinent hereto, Equifax was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C § 1681a(b) and 15 U.S.C § 1681(f)

45. Equifax allowed Midland Funding LLC AKA Midland Credit Management's, State of Maryland Portfolio Recovery, and Berks Credit conducts violate the FDCPA by reporting the accounts to the

Plaintiff's consumer report when they were not entitled to collect See *Gearing v. Check Brokerage Corp.*, 233 F.3d 469 (7th Circuit 2000) and to furnish duplicate accounts on the Plaintiff's credit report at the very least.

46. The Defendants re aged debts on the Plaintiffs violating the FCRA section 605, and 15 U.S.C. §1681 et seq.

47. The Defendants reinserted a removed items from the Plaintiffs credit report and not notifying the Plaintiff within five business days violated the FCRA part (A)(5)(B)(ii) and 15 U.S.C. §1681 et seq.

48. The Defendants refused to correct information after the Plaintiff notified them of the correct information violated the FCRA section 604(A)(3) and 15 U.S.C. §1681 et seq.

49. In the entire course of their actions, Defendants willfully and or negligently violated multiple provisions of the FCRA in one or more of the following respects:

50. The Defendants willfully and or negligently failed in the preparation of the consumer reports concerning Plaintiffs to follow reasonable procedures to assure maximum possible accuracy of the information in the reports as required by 15 U.S.C §1681(e)(b) and 15 U.S.C §1681 et seq.

51. The Defendants willfully and or negligently failed to comport with investigations and reinvestigations procedures listed within 15 U.S.C §1681(i) and 15 U.S.C §1681 et seq.

52. The Defendants willfully and or negligently failed to fulfill their duties under the FCRA by reporting information with actual knowledge of errors, reporting information after notice and confirmation of errors, failing to update and or correct previously reported information determined to be inaccurate or

incomplete, failing to provide notice of dispute, and failing to provide notice of a closed/vacated account/ and or removed the accounts of 15 U.S.C §1681(s-2) and 15 U.S.C §1681 et seq.

53. The Defendants' acts or omissions resulted in defaming the Plaintiff by publishing to third parties false information regarding Plaintiff's creditworthiness.

54. The Defendants failed in their duty to prevent foreseeable injury to the Plaintiff.

55. Pursuant to 15 U.S.C §1681n and 15 U.S.C §1681o, Equifax is liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C.§1681(e) and 15 U.S.C.§1681(i)

56. The foregoing acts and omissions were undertaken by Defendants willfully, intentionally and knowingly as part of their routine credit reporting and or credit furnishing business and in gross disregard of the rights to the Plaintiff.

57. The conduct by Equifax was a direct and proximate cause, as well as a substantial factor, in bringing about serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, Equifax is liable to Plaintiff for the full amount of statutory dames, actual and punitive damages, along with attorney's fees and costs of the litigation, as well as such further relief relief, as may be permitted by law.

## COUNT II

## NEGLIGENCE

58. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated.

59. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defend by 15 U.S.C §1681a(c).

60. At all times pertinent hereto, the above mentioned credit report was a "consumer report" as that term is defined by U.S.C 15 U.S.C §1681a(d)

61. At all times pertinent hereto, Equifax was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C § 1681a(b) and 15 U.S.C § 1681(f).

62. The Plaintiff seeks damages under 15 U.S.C §1681(o)

## COUNT III

## INVASION OF PRIVACY

63. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated.

64. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defend by 15 U.S.C §1681a(c).

65. At all times pertinent hereto, the above mentioned credit report was a "consumer report" as that term is defined by U.S.C 15 U.S.C §1681a(d)

66. At all times pertinent hereto, Equifax was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C § 1681a(b) and 15 U.S.C § 1681(f)

67. The Defendants' conduct, as described herein, constitutes an invasion of the Plaintiff's privacy in that it intrudes into the Plaintiff's private life, published private facts regarding Plaintiff, and places the Plaintiff in a false light in the eyes of those to whom the publications are made.

68. Defendants' actions were done maliciously, without privilege, and with a willful intent to injure Plaintiff.

## COUNT IV

## DEFAMATION

69. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated.

70. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defend by 15 U.S.C §1681a(c).

71. At all times pertinent hereto, the above mentioned credit report was a "consumer report" as that term is defined by U.S.C 15 U.S.C §1681a(d)

72. At all times pertinent hereto, Equifax was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C § 1681a(b) and 15 U.S.C § 1681(f)

73. Defendants published false information about the Plaintiff on the Plaintiffs credit report for either a false account or balance.

74. Each time the Plaintiff's credit report was accessed, a new publication occurred, which was the result intended by Defendants.

75. The publication and defamations were done maliciously, without privilege, and with a willful intent to injure the Plaintiff.

## COUNT V

## PUNITIVE DAMAGES

76. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated.

77. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defend by 15 U.S.C §1681a(c).

78. At all times pertinent hereto, the above mentioned credit report was a "consumer report" as that term is defined by U.S.C 15 U.S.C §1681a(d)

79. At all times pertinent hereto, Equifax was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C § 1681a(b) and 15 U.S.C § 1681(f)

80. The Plaintiff has the right to seek punitive damages against the defendant Equifax.

81. The plaintiff have suffered emotional distress having to go through the mess that the defendant Equifax has caused including but not limited to new credit, and Maryland home buying program for people with disabilities. The defendant's blatant violations and misconduct were defamations were done maliciously, without privilege, and with a willful intent to injure the Plaintiff.

82. Plaintiff seeks punitive damages under 15 U.S.C § 1681n, a plaintiff need not prove actual damages but may recover punitive and statutory damages as well as costs and fees if a defendant willfully violates the FCRA. A "willful violation" is either an intentional violation or a violation committed by an agency in reckless disregard of its duties under the FCRA.

## CONCLUSION

The Plaintiff Ms. Chabot is a pro se litigant who has tried to comply with all the rules and procedures of the court. The Plaintiff has enough proof to state a claim on which relief may be granted. "A claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" Corp. v. Twombly, 500 U.S. at 555 2007). The court must view the complaint in the light to the plaintiff and take the plaintiff's allegations as true. See Randall v. United States, 30F.3d 518,522 (4th Cir.1994). The Fourth Circuit requires district courts to construe pro se complaints liberally to ensure that valid claims do not fail for the lack of legal specificity. Gordon v. Leeke, 574F.2d 1147, 1151 (4th Cir. 1978) . The Plaintiff reserves the right to file a motion to leave to amend the complaint, file additional exhibits, add defendants.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff seeks judgment in the Plaintiff's favor and damages against the Defendants, based on the following requested relief:

(a) Actual damages

(b) Statutory damages

(c) Punitive damages

(d) Costs including reasonable attorney fees

(e) Such other and further relief as may be necessary, just and proper

**TRIAL BY JURY DEMANDED ON ALL ACCOUNTS**

Respectfully Submitted,

*Tiffany Chabot* 6/24/13

Tiffany Chabot, Pro Se

PO Box 675

Walkersville, Maryland 21793

Telephone: (301) 908-6687